**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 24-7107**

─────────

ROBERT MICHAEL ARDIS,

       Plaintiff - Appellant,

    v.

DARLENE DICKEY; WILLIAM EDDINS; SARAH HARPER-CRUTCHFIELD; GREGORY MARCILLE; TIMOTHY REGISTER; THOMAS WILLIAMS; JANE DOES 1-10; JOHN DOES 1-10,

       Defendants - Appellees.

─────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:23-cv-01171-SAL)

─────────

Submitted:  March 16, 2026                  Decided:  June 2, 2026

─────────

Before GREGORY and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────

Dismissed by unpublished per curiam opinion.

─────────

Robert Michael Ardis, Appellant Pro Se.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Michael Ardis seeks to appeal the district court's order dismissing without prejudice his amended 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.[1]

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing the amended complaint on October 24, 2023, and the appeal period expired on November 27, 2023. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C), (3). Ardis filed the notice of appeal on November 18, 2024. Because Ardis did not file a timely notice of appeal or timely obtain an extension or reopening of the appeal period as to the dismissal order, we dismiss the appeal.[2]

---

[1] Ardis has moved for judicial notice and to expedite our decision. We deny the motion for judicial notice and deny as moot the motion to expedite.

[2] Ardis's postjudgment motions to amend the complaint did not toll the appeal period for the dismissal order. *See* Fed. R. App. P. 4(a)(4)(A). And although the district court granted Ardis's motion to reopen the appeal period as to the denial of the motions to amend, Ardis filed the motion to reopen after the time for him to move for an extension or reopening of the appeal period for the dismissal order had expired. *See* Fed. R. App. P. 4(a)(5)(A)(i), (6)(B). Accordingly, the district court could not at that time extend or reopen the appeal period for the dismissal order. Finally, because Ardis does not challenge in his informal brief the denial of his motions to amend or his subsequent motion to reconsider, we do not consider whether this appeal would be timely as to the orders denying those motions. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*